RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 1 22 05
BY Dm

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RANDY JOHNSON | CIVIL ACTION NO. 04-0002 |
| VERSUS | JUDGE DONALD E. WALTER |
| DILLARDS DEPARTMENT STORE, INC. , ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Doc. #28] filed on behalf of defendants, Dillard Department Stores, Inc., Brenda Bartlebaugh, and Alex Dillard, pursuant to Federal Rule of Civil Procedure 56. Plaintiff opposes this motion. For the reasons assigned herein, defendants' motion is **GRANTED**, and plaintiff's claims are **DISMISSED**.

## STATEMENT OF THE CASE

Pro se plaintiff, Randy Johnson ("Johnson"), a former employee of Dillard Department Store ("Dillards"), brings this action against defendants asserting that he was wrongfully accused of and arrested for theft of goods while he was employed as a salesperson at Dillards. Plaintiff further asserts that the Caddo Parish District Attorney's Office prosecuted his case for two years only to drop the charges on the first day of trial. Plaintiff also asserts that the individually named defendants conspired to entrap or trick Johnson into committing a "made up" crime.

According to Johnson, he was arrested on October 22, 2000 for theft of goods while working as a salesperson at Dillards located at South Park Mall in Shreveport, Louisiana. Johnson asserts that he was framed for this crime by named defendant Brenda Bartlebaugh ("Bartlebaugh") and other co-employees. See Original Petition. Johnson states in his Original Petition that he was tricked into

carrying certain boxes of Dillards inventory to a Dillards delivery van located at the store's delivery dock when Dillards and Mall Security approached plaintiff and arrested him for theft of goods. <u>Id.</u> After his arrest, Johnson alleges that he "was marched through the store twice before being taken to the Caddo Parish Jail where he was booked and charged for theft of goods." <u>Id.</u> The charges against Carter were dropped on August 27, 2002.

Johnson filed the present lawsuit on July 29, 2003 in the First Judicial District Court, Caddo Parish, Louisiana. This matter was removed to this Court based on federal question jurisdiction on January 5, 2004.

## <u>SUMMARY JUDGMENT STANDARD</u>

Under Fed. R. Civ. P. 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. <u>Id.</u>

The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrates the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); <u>Lawrence v. Univ. of Tex. Med. Branch at Galveston</u>, 163 F.3d 309 (5th Cir. 1999). The moving party is not required to negate the elements of the non-moving party's case. <u>Lawrence</u>, 163

F.3d at 311. However, where the moving party bears the burden of proof on an issue, it must produce evidence that would, if uncontroverted at trial, warrant a judgment as a matter of law. International Short Stop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S.Ct. 936 (1992).

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 584-88, 106 S.Ct. 1348, 1355-56 (1986). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Little v. Liquid Air. Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). In the absence of any proof, the court will not assume the non-moving party could or would prove the necessary facts. Id.

Pursuant to Local Rule 56.1, the moving party shall file a Statement of Uncontested Facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2W requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for the purposes of the motion, unless specifically denied." Local Rule 56.2W.

## LAW AND ANALYSIS

As noted by defendants, plaintiff does not specify any causes of action in his Petition. However, he appears to assert claims of (1) false arrest; (2) malicious prosecution; and (3) related

causes of action arising under 42 U.S.C. § 1983. In opposing defendants' motion, plaintiff asserts that the only cause of action he has asserted is entrapment. Defendants assert that the causes of action asserted by plaintiff have prescribed.

Because Congress did not establish a statute of limitations period applicable to actions brought in federal court under §1983, federal courts apply the forum state's limitations period governing analogous state causes of action. Bd. of Regents of the Univ. of the State of New York v. Tomanio, 446 U.S. 478, 483, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); Braden v. Texas A & M Univ. Sys., 636 F.2d 90, 92 (5th Cir. 1981). See 42 U.S.C. § 1988.

Liability under §1983 is imposed for subjecting a person to the deprivation of rights secured by the Constitution and the laws of the United States. Braden, 636 F.2d at 92. Thus, the cause of action is, in essence, delictual. Id. The analogous state law claim for purposes of selecting the state statute of limitations should sound in tort. Thus, federal courts must borrow the forum state's general personal injury limitations period. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). In Louisiana, that prescriptive period is one year. La. Civ. Code art. 3492.

Federal law determines when a §1983 claim accrues. Id. "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" Russell v. Bd. of Trustees, 968 F.2d 489, 493 (5th Cir. 1992) (quoting Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987), cert. denied, 507 U.S. 914, 113 S.Ct. 1266, 122 L.Ed.2d 662 (1993)).

The allegedly false arrest took place on October 22, 2000. Plaintiff did not file his Original Petition until July 29, 2003, more than two years after the incident at issue. Based on the facts before this Court, plaintiff presumably knew he was injured at the time of his arrest. In response to

4

defendants' assertion of prescription, plaintiff has provided this Court no evidence to support the suspension or interruption of prescription. As Johnson filed suit more than one year after his arrest, plaintiff's claims are time-barred and must be dismissed.

## CONCLUSION

For the reasons stated above, plaintiff's claims must fail as a matter of law. Accordingly, his claims are **DISMISSED**.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE